IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT DAMON RICHARDSON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>AVERY #994, et al., )<br>)<br>Defendants. ) | No. 3:16-CV-2631-M-BH<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for pretrial management. Before the Court are the *Plaintiff's Motion for Entry of Default Judgment Against Avery #994 et al.* (doc. 9), and *Motion for Orders of Default Judgment Against Avery #994 et al.* (doc. 10), both filed December 16, 2016. Based on the relevant filings and applicable law, the motions should be **DENIED**.

**I. BACKGROUND**

On September 16, 2016, Scott Damon Richardson (Plaintiff) filed suit against various police officers and the County of Rockwall (Defendants) alleging violation of his civil rights during a traffic stop and arrest on April 13, 2016. (*See* doc. 3.) He moved for leave to proceed *in forma pauperis* (IFP), and his motion was granted on September 16, 2016. (*See* docs. 5, 6.) The order granting IFP specifically advised Plaintiff that service of process in his case would be withheld pending completion of the judicial screening required by statute, and that the screening could include a hearing, a questionnaire, or other proceedings. (*See* docs. 5, 6.) On September 26, 2016, the Court issued a First Magistrate Judge's Questionnaire, and Plaintiff filed his answers on October 11, 2016. (*See* docs. 7, 8.)

On December 16, 2016, Plaintiff moved for entry of default judgment pursuant to Fed. R.

Civ. P. 55(a) against Defendants alleging that no answer had been timely filed. (*See* docs. 9-12.) The Clerk of Court declined to enter default because judicial screening had not yet been completed.

## II.  PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B). The screening process may include a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), the issuance of a questionnaire pursuant to *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976), or other proceedings as deemed appropriate.

Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See also Nixon v. GMAC Mortg. Corp.,* 408 Fed. App'x 833, 834 (5th Cir. 2011) (citing *Newsome v. EEOC,* 301 F.3d 227, 233 (5th Cir.2002)(applying § 1915(e)(2)(B)(i) to a non-prisoner whose complaint was "frivolous" because it "lack[ed] an arguable basis in law or fact.")). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to

"raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id*.

In this case, the judicial screening of this IFP has not been completed, so service of process has not yet been ordered.

### III. DEFAULT

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id*.; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

In this case, Plaintiff moved for default judgment before obtaining entry of default, and he has failed to establish default. He has failed to establish that Defendants failed to plead or otherwise defend against this action. The order granting IFP expressly withheld service of process pending judicial screening, which has not yet been completed, so the Court has not yet ordered service of process. The Clerk of Court declined to enter default for this reason. Without a prior entry of default, there is no basis for entry of a default judgment. *See McNeeley v. Experian Information Solutions, Inc., et al.*, No. 4:08CV81, 2008 WL 4525054, *1 (E.D. Tex.

Sept. 29, 2008) (denying motion for default judgment where clerk of court did not enter default based on lack of proper service and the defendant had since taken action to "otherwise defend" the lawsuit); *Burton v. Madix Store Fixtures*, No. 3:05-CV-1081-L, 2006 WL 3247329, * 2 (N.D. Tex. Nov. 9, 2006) (denying motion for default judgment because there had been no request for and entry of default, both prerequisites to a default judgment, and alternatively denying motion because the defendant had defended the action by filing dispositive motions).

Plaintiff has not established that Defendants have otherwise been properly served. His affidavits state that the docket sheet reflects proof of service on September 16, 2016, but the docket does not reflect a return of service. A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x 380 (5th Cir. 2010) (per curiam). The docket does not reflect that compliance with the requirements of Rule 4 for service of process.[1] Until he has been properly served, "the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)).

Moreover, "a party is not entitled to a default judgment as a matter of right, even where

---

[1] Plaintiff may not properly serve Defendants because he is party to this action, and Rule 4(c)(2) specifically provides that "[a]ny person who is at least 18 years old *and who is not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

Because Plaintiff has failed to establish that Defendants have been served and failed to plead or otherwise defend against this action, and no default has been entered, entry of default judgment is not warranted.

## IV. RECOMMENDATION

Plaintiff's motions for default judgment should be **DENIED**.

**SIGNED this 22nd day of December, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE