# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-2631-M-BH |
| | ) | |
| AVERY #994, et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for pretrial management. Before the Court are the plaintiff's *Motion for Reconsider [sic] for Default Judgment* (doc. 16), and *Motion for Orders for Reconsideration of Default Judgment* (doc. 18), both filed June 2, 2017. Based on the relevant filings and applicable law, the motions should be **DENIED**.

## I. BACKGROUND

On September 16, 2016, Scott Damon Richardson (Plaintiff) filed suit against various police officers and the County of Rockwall (Defendants) alleging violation of his civil rights during a traffic stop and arrest on April 13, 2016. (*See* doc. 3.) He moved for leave to proceed *in forma pauperis* (IFP), and his motion was granted on September 16, 2016. (*See* docs. 5, 6.) The order granting IFP specifically advised Plaintiff that service of process in his case would be withheld pending completion of the judicial screening required by statute, and that the screening could include a hearing, a questionnaire, or other proceedings. (*See* docs. 5, 6.) On September 26, 2016, the Court issued a First Magistrate Judge's Questionnaire, and Plaintiff filed his answers on October 11, 2016. (*See* docs. 7, 8.)

On December 16, 2016, Plaintiff moved for entry of default judgment pursuant to Fed. R.

Civ. P. 55(a) against Defendants alleging that no answer had been timely filed. (*See* docs. 9-12.) The Clerk of Court declined to enter default because judicial screening had not yet been completed. On December 22, 2016, it was recommended that Plaintiff's motions for entry of default judgment be denied, and the motions were denied on January 17, 2017. (*See* docs. 13, 14.) Plaintiff has again requested entry of default, and the Clerk of Court has again declined to enter default. Plaintiff now seeks reconsideration of the order denying the motions for default judgment. (*See* docs. 16, 18.)

## II. RECONSIDERATION

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*.". *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion challenges an interlocutory order, it is considered under Rule 54(b). *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A ruling should only be reconsidered where the moving party presents substantial reasons for requesting reconsideration. *Baustian v. Louisiana,* 929 F.Supp. 980, 981 (E .D. La.1996); *Louisiana v. Sprint Communications Co.*, 899 F.Supp. 282, 284 (M.D.La.1995). In determining a motion under

2

Rule 54(b), some courts have looked to the standards of Rule 59(e), including whether reconsideration is necessary to correct manifest errors of law or fact, to present new evidence, to prevent manifest injustice, or because of an intervening change in law. *SGC Land, LLC v. Louisiana Mistream Gas Serv.*, 939 F. Supp. 2d 612 (W.D. La. 2013). Whether to grant a motion to reconsider rests within the discretion of the court. *Dos Santos v. Bell Helicopter Textron, Inc. Dist*, 651 F.Supp.2d 550, 553 (N.D.Tex. 2009).

Here, the plaintiff moves for reconsideration of an order denying his motions for default judgment against defendants who have not yet been ordered served because judicial screening has not yet been completed. The Clerk of Court has again declined to enter default for this reason. Plaintiff has not shown that reconsideration of the denial of his prior motions for default judgment is necessary to correct manifest errors of law or fact, to present new evidence, to prevent manifest injustice, or because of an intervening change in law.

### III.  RECOMMENDATION

Plaintiff's motions for reconsideration of the denial of his motions for default judgment should be **DENIED**.

**SIGNED this 5th day of June, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
                                    /s/ Irma Carrillo Ramirez
                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE
```