IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTT DAMON RICHARDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:16-CV-2631-M-BH |
| | ) | |
| **AVERY #994, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed.

**I. BACKGROUND**

On September 16, 2016, Scott Damon Richardson (Plaintiff) filed suit against police officers T. Avery, C. Hartman, and D. Tilly (Officers),[1] "John/Jane Doe 1-5," and the County of Rockwall (County) (collectively, Defendants), based on a traffic stop and arrest that occurred on April 13, 2016. (*See* doc. 3 at 5.)[2] He sues under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; 5 U.S.C. § 706 of the Administrative Procedures Act (APA); 31 U.S.C. § 3729 of the False Claims Act; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); numerous federal and state criminal statutes; and the Texas Constitution. (*Id*. at 3-4.) He sues Officers in their individual capacities, and John/Jane Does 1-5 in their individual and official capacities. (docs. 3 at

---

[1] Plaintiff only identifies Officers by their first initial, last name, and what appears to be badge numbers. (*See* doc. 3 at 4.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

4; 8 at 1-8.)³  Although he claims to seek declaratory and injunctive relief in his complaint, his responses to a magistrate judge's questionnaire clarify that he is seeking only monetary damages and attorney's fees under 42 U.S.C. § 1988.  (*See* docs. 3 at 3, 13-14; 8 at 1-8, 18, 23.)

Plaintiff alleges that on April 13, 2016, after a jury trial for a prior traffic violation, officers Avery and Hartman followed him for three miles, stopped him, ordered him to get out of his vehicle, and immediately arrested him for driving with an invalid license.  (docs. 3 at 5; 8 at 1-6; 24 at 2.) He was "arrested without explanation or a [Fourth] Amendment warrant, [and] then put in the back of Avery's police car."  (doc. 3 at 5.)  Following his arrest, officer Tilley arrived and transported Plaintiff "directly to jail without incident."  (*Id.*)  He "was jailed without seeking a magistrate" or judicial proceeding, and subsequently processed, booked, and given a "trial conducted in secret." (docs. 3 at 5; 8 at 13-14.)  He bonded out about four hours after being jailed.  (doc. 3 at 5.)

Plaintiff claims that Officers displayed reckless disregard and acted willfully, wantonly, in concert with one another, under color of state law, and "noncompliant with well[-]established policies and procedures."  (docs. 3 at 2-3, 6; 8 at 1-6.)  He also asserts that Officers "generated false and fraudulent documents and placed [those] false and fraudulent documents before a court, on the record, causing public officials to act" based on his arrest.  (doc. 3 at 3.)

Plaintiff alleges that the County "neglected to train, supervise, control, correct abuse of authority, . . . curtail outrageous conduct, [or] to discourage the unlawful abuse of authority," and "failed to give [Officers] proper instructions and education as applicable to the alienable rights of

---

³ Plaintiff's answers to the a magistrate judge's questionnaire constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

Americans." (docs. 3 at 12; 8 at 9.)[4] He challenges the validity of his arrest, and asserts that "there is no such thing as an invalid license," that he was falsely accused of driving without a license, and that he was "deprived of the Constitutional protections afforded to him" by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (docs. 3 at 9-10; 8 at 1-15, 21.) He claims that Officers "actions displayed conscious indifference to oaths, constitutions, job descriptions, rules, regulations, and law . . . ." (doc. 3 at 10.)

Plaintiff also alleges that there is an "administrative revenue scheme" under which government officials work "in concert, to create sham legal proceedings in order to generate counterfeit negotiable instruments" in violation of state and federal securities' laws. (doc. 3 at 5-6.) He claims that Officers were "unlawfully receiving income derived directly or indirectly, from a pattern of unlawful predicated activity." (*Id*. at 3.) According to Plaintiff, "[i]t is the continuing policy and custom of the enterprise/corporation agencies for" the state of Texas to commit the alleged acts "against the natural persons of Texas, for a profit and a gain for themselves . . . in violation of their fiduciary duties to the public and the people of Texas . . . ." (*Id*. at 12.)

In his "Original Petition Moved for Declaratory Judgment," in which he asserts that officer Avery was not authorized to enforce the Texas Transportation Code when he stopped and arrested him, he seeks an order: (1) "[d]irecting the Rockwall Municipal Court to dismiss all prosecutions of traffic citations written by uncertified officers;" (2) "[d]irecting the dismissal of all criminal prosecutions for violations of the Texas Transportation Code prosecuted by [o]fficer Avery . . . based on complaints filed with the Rockwall Municipal Court;" (3) "[d]irecting the disgorgement of all funds collected from citizens based on prosecutions of the Texas Transportation Code

---

[4] Although his complaint states that Officers failed to train, supervise, control, or provide proper instruction, it appears he intended to identify the County as the party responsible for those alleged failures. (*See* docs. 3 at 12; 8 at 8, 17.)

3

prosecuted based on allegations filed by [o]fficer Avery . . . or any uncertified officers;" (4) "[o]rder[ing] the Texas Commission on Law Enforcement to revoke" officer Avery's license; (5) to "[c]onvene an examining trial to examine into the sufficiency of the criminal allegation and cases made herein by [o]fficer Avery . . . since employment and the Judge who made the legal determination;" and (6) to "[c]onvene an examining court . . . to examine into the practice of Rockwall Municipal Court of prosecuting alleged violations of the Texas Transportation Code initiated by peace officers who are not authorized to enforce said statutory scheme." (doc. 24 at 1, 10-11.) No process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to

4

state a claim upon which relief may be granted. *Id*.

### III. FEDERAL CLAIMS

Plaintiff generally alleges claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; 5 U.S.C. § 706 of the APA; and *Bivens*, 403 U.S. 388, for violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution. (docs. 3 at 2-4, 9-13; 8 at 1-8, 11-19.) He also alleges violations of 31 U.S.C. § 3729 of the False Claims Act, and of 18 U.S.C. §§ 4, 241, 242, 1001, and 1956. (doc. 3 at 4.)

**A.** **Civil Statutes**

Plaintiff asserts that Officers violated his constitutional rights when they stopped and arrested him on April 13, 2016, "absent a [F]ourth Amendment warrant." (docs. 3 at 5, 9-14; 8 at 1-15, 21.) He also specifically challenges the validity of his arrest. (doc. 8 at 21.) He also bases his claims against the County for failure to "train, supervise, control, correct abuse of authority, . . . curtail outrageous conduct, [or] to discourage the unlawful abuse of authority" on his arrest. (docs. 3 at 12; 8 at 9.)

    **1.** *Officers*

Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, a complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck* applies to claims seeking declaratory and injunctive relief, as well as claims for damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting

5

recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998)). A claim that falls under *Heck* "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

Here, Plaintiff bases all of his claims under federal civil statutes on his arrest for driving without a license and th events following his arrest. (docs. 3 at 5, 9-14; 8 at 1-15, 21.) He argues that he was stopped, searched, and arrested by Officers without a warrant in violation of his rights, and that Officers were acting in concert and under color of state law to usurp his rights. (docs. 3 at 2-3, 5; 8 at 1-6, 11, 16-17.) Claiming that "there is no such thing as an invalid license," he alleges that following his arrest, he was held without an examining trial or judicial proceeding. (docs. 3 at 5; 8 at 11-14.) He claims that Officers committed fraud upon a court by generating false and fraudulent charges that caused public officials to act on his arrest. (doc. 3 at 3.)[5] Additionally, he contends that the County allowed the violations of his rights "via supervisory neglect," fraud, and an "administrative revenue scheme." (docs. 3 at 6; 8 at 8.) He also specifically challenges the validity of his arrest, and asserts that he was falsely accused of driving without a license, and "deprived of the Constitutional protections afforded to him." (docs. 3 at 9-10; 8 at 1-15, 21.) Public records show that as a result of his arrest, Plaintiff was charged with driving without a license, and subsequently convicted on April 12, 2017, in *State of Texas v. Richardson*, No. CR16-0617 (Co. Ct. at Law, Rockwall County, Tex. April 12, 2017).[6]

---

[5] Although Plaintiff alleges that Defendants engaged in fraudulent acts, he does not appear to be asserting fraud as a separate claim against them because his allegations relate only to their actions in committing the alleged constitutional violations. (*See* docs. 3 at 1-3, 6, 9, 14; 8 at 19.)

[6] *See Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *7 (N.D. Tex. Sept. 30, 2005) (taking judicial notice of a plaintiff's prior case to note that his conviction remained valid).

Because Plaintiff's claims asserted under §§ 1983, 1985, and 1986; the APA; the False Claims Act; and *Bivens*, 403 U.S. 388 are based on his arrest for which he was subsequently convicted, a favorable decision on any of those claims would necessarily imply the invalidity of his conviction. *Heck* therefore requires that he demonstrate that his conviction has been reversed, expunged, invalidated, or called into question. *Heck*, 512 U.S. at 486–87; *see Walter v. Horseshoe Entm't*, 483 F. App'x 884, 886–87 (5th Cir. 2012) (applying *Heck* to a claim for unlawful arrest where the appellants were convicted following the arrest). He concedes that none of those requirements have been met. (*See* doc. 8 at 22.) Accordingly, he has failed to make the requisite showing, and his claims under §§ 1983, 1985, and 1986; the APA; the False Claims Act; and *Bivens* against Officers should be dismissed as *Heck*-barred. *See Hamilton*, 74 F.3d at 102 (holding that claims under § 1983 are legally frivolous unless they meet the *Heck* requirements) (citation omitted)); *Bhatia v. United States*, No. 5:16-CV-11-KS-MTP, 2016 WL 6127799, at *3 (S.D. Miss. Sept. 19, 2016) (holding that claims under the APA and *Bivens* were *Heck* barred); *Silva*, 2005 WL 2445433, at *8–9 (finding that claims under *Bivens* were *Heck* barred where they "would necessarily imply the invalidity of [the] plaintiff's convictions"); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1319–20 (M.D. Fla. 2005) (recognizing that *Heck* applies equally to claims under § 1985 "if the claim attacks the validity of the conviction.") (citing cases); *Matthews v. Caillouet*, No. CIV. A. 99-1587, 1999 WL 787650, at *1-2 (E.D. La. Oct. 1, 1999) (finding that claims under §§ 1983, 1985, 1986, and the False Claims Act were "not cognizable in light of *Heck v. Humphrey*."); *see also Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction, and [ ] if it does it must, under *Heck*, be dismissed.")

Because all of Plaintiff's civil rights claims against Officers are barred by *Heck*, they are

7

"legally frivolous", and should be dismissed. *See Hamilton*, 74 F.3d at 102.[7]

### 2. *County*

As noted, Plaintiff bases his claims against the County for failure to "train, supervise, control, correct abuse of authority, . . . curtail outrageous conduct, [or] to discourage the unlawful abuse of authority" by Officers on his arrest. (docs. 3 at 12; 8 at 9.) His complaint alleges that Officers are employees of the City of Rockwall, however. (doc 3 at 2.) Because they are not employees of County, Plaintiff has failed to state a claim against County for failing to train or supervise Officers.[8]

### B. <u>Criminal Statutes</u>

Plaintiff also claims that Defendants engaged in an "administrative revenue scheme" in violation of federal securities' laws and cites to 18 U.S.C. §§ 4, 241, 242, 1001, and 1956. (doc. 3 at 4, 6.)

Criminal statutes cannot be enforced in a civil action. *Florance v. Buchmeyer*, 500 F. Supp.

---

[7] Plaintiff also seeks attorney's fees under § 1988. (docs. 3 at 3, 14; 8 at 18.) That section provides for the award of reasonable attorney's fees to the prevailing party in a suit brought under various statutes, including §§ 1983, 1985, and 1986. 42 U.S.C. § 1988. Because Plaintiff is proceeding *pro se*, however, he may not recover attorney's fees. *See Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney pro se litigant.") (citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990)); *Vaksman v. C.I.R.*, 54 F. App'x 592 (5th Cir. 2002) ("As a pro se litigant, [the petitioner] is not entitled to attorney['s] fees because, quite simply, he did not actually 'pay' or 'incur' attorney['s] fees."). Even if he were not proceeding *pro se*, attorney's fees are not warranted because he has failed to plead any viable causes of action. *See Everhart v. CitiMortgage, Inc.*, No. H-12-1338, 2013 WL 264436, at *10 (S.D. Tex. Jan. 22, 2013); *Avila v. Mortg. Elec. Registration Sys., Inc.*, No. 4:12-CV-830, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012).

[8] Even if Officers were employed by County, "[t]he law is clear that *Heck* operates to protect employers sued for failure to train or supervise as well as liability for the wrongful acts of their agents." *Walter*, 483 F. App'x at 887 n.4 (citing *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008)); *see also Payton v. Normand*, 599 F. App'x 190, 192 (5th Cir. 2015); *Daniels v. United States*, No. 17-5465, 2018 WL 2163799, at *4 (W.D. La. Feb. 27, 2018) ("It is well[-]settled that, where the underlying claims against the subordinate officers are barred by *Heck*, the related claims against the supervisory officials also must be barred.") (citing cases); *Williams v. Town of Delhi*, No. 14-043, 2015 WL 868746, at *7 (W.D. La. Feb. 17, 2015) ("Supervisory liability claims . . . require an underlying constitutional violation and, where the underlying violation is barred by *Heck*, it cannot form the basis for a derivative [supervisory] claim."). Accordingly, Plaintiff's "supervisory/failure to train claims against [the County] also are barred by the *Heck* doctrine," and should be dismissed. *Daniels*, 2018 WL 2163799, at *4.

2d 618, 626 (N.D. Tex. 2007). "Private citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)); *see also Pham v. Tex. State Bd. of Dental Exam'rs*, No. A-17-CV-1008 RP, 2018 WL 3978371, at *2 n.2 (W.D. Tex. Aug. 17, 2018) (recognizing that there is no private right of action under 18 U.S.C. § 1001 because it is a criminal statute); *Smith v. City of Princeton, Tex.*, No. 4:17-CV-85-ALM-CAN, 2017 WL 9285515, at *3 (E.D. Tex. Oct. 31, 2017) (citing *de Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007)) ("18 U.S.C. § 1956 does not create a private cause of action" because it is a criminal statute); *Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.C.C. 2009) (holding that § 241 is a criminal statute that does not expressly create a private right of action upon which a plaintiff may sue a defendant); *Furman v. Compucom Sys., Inc.*, No. 3:03-CV-1433L, 2004 WL 1672314, at *8 (N.D. Tex. July 23, 2004) (holding that 18 U.S.C. § 4 does not grant a private right of action for a civil litigant to initiate a lawsuit under this statute); *Rockefeller v. U.S. Court of Appeals Office*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that as a criminal statute, § 242 does not convey a private right of action).

To the extent Plaintiff is seeking to assert any claims under any federal criminal statute, his claims should be dismissed for failure to state a claim.

## IV. STATE LAW CLAIMS

Plaintiff also generically refers to the Texas Constitution and Texas criminal statutes in his complaint. (doc. 3 at 2, 5, 6, 13.)

Under § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same

9

case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:06–CV–879-BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also UnitedMine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims. *Nagy v. George*, No. 3:07–CV–368–K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008); *see LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also UnitedMine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In determining whether to exercise supplemental jurisdiction, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims because they arise from the same "common nucleus of operative facts" as his federal claims and can be disposed of promptly. The Court should therefore exercise supplemental jurisdiction over

Plaintiff's state law claims.

### A. Texas Constitutional Claims

Plaintiff only generally refers to violations of the Texas Constitution. (doc. 3 at 2, 13.) "'[D]amages are not recoverable for violations of the Texas Constitution,'" however. *Valadez v. United Indep. Sch. Dist.*, No. L-08-22, 2009 WL 37485, at *1 (S.D. Tex. Jan. 6, 2009) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 507 (5th Cir. 2001), *cert. denied*, 534 U.S. 951 (2001)); *see also City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (stating that there is no cause of action for damages against governmental entities for violations of the Texas Constitution). Accordingly, to the extent Plaintiff asserts any claims for violations of the Texas Constitution, his claims should be dismissed for failure to state a claim.[9] *See Valadez*, 2009 WL 37485, at *1 (dismissing claims for damages under the Texas Constitution).

### B. Texas Criminal Statutes

Plaintiff generally alleges that an "administrative revenue scheme" violates state securities' laws and cites to several Texas criminal statutes. (doc. 3 at 2, 5, 6.) As previously stated however, civil actions do not permit a private party to enforce criminal statutes, *Florance*, 500 F. Supp. 2d at

---

[9] Even if any claims could be asserted under the Texas Constitution, his claims would be *Heck*-barred because a ruling in his favor on any such claims, which are based on his allegedly unlawful arrest and subsequent conviction, would necessarily imply the invalidity of his conviction, and as noted, he has failed to show that his conviction has been reversed, expunged, invalidated, or otherwise called into question. *See Albert v. Zehetner*, No. 4:17-CV-458-ALM-CAN, 2017 WL 9285516, at *5 (E.D. Tex. Nov. 6, 2017) (finding that claims asserted under the Texas Constitution were barred by *Heck* where they challenged the validity of a conviction), *adopted by*, 2018 WL 316471 (E.D. Tex. Jan. 8, 2018) *Fields v. Nelms*, No. 3:15–CV–0879–P, 2015 WL 3407955, at *1 (N.D. Tex. May 27, 2015) (citing *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000)) (recognizing that *Heck* applies to "state law claims based on the same premise as constitutional claims . . . ."). The Court may bypass the potential *Heck*-bar so as to address issues that are appropriate for early and final determination, however. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n. 6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

626, and they do not provide for civil remedies. *See McHenry v. Stinnett Police Dept.*, No. 2:13–CV–0228–J, 2014 WL 4771855, at *7 (N.D. Tex. Aug. 8, 2014), *adopted by*, 2014 WL 4810025 (N.D. Tex. Sept. 25, 2014). Accordingly, any claims based on Texas criminal statutes should be dismissed for failure to state a claim.

## V. CLAIMS AGAINST UNIDENTIFIED DEFENDANTS

Plaintiff also sues "John/Jane Doe 1-5". (doc. 3 at 4.)

A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens*, 403 U.S. at 390 n.2 (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (citing *Colle v. Brazos County*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same).

Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters

and personnel records); *Green*, 260 F. App'x at 718–19 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. at 390 n.2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

Notwithstanding the failure to state a claim and *Heck* bar, any claims asserted against John/Jane Does 1–5 may also be dismissed because Plaintiff has not provided any identifying information about them by which their identities could be learned through discovery. Nor has he alleged any actions by any unknown defendants that would provide a basis for identifying them or that would support any claim against them. His suit against these unknown defendants should therefore also be dismissed for failure to state a claim.

## VI. ADDITIONAL REQUEST FOR RELIEF

In his "Original Petition Moved for Declaratory Judgment," Plaintiff requests an order: (1) "[d]irecting the Rockwall Municipal Court to dismiss all prosecutions of traffic citations written by uncertified officers;" (2) "[d]irecting the dismissal of all criminal prosecutions for violations of the Texas Transportation Code prosecuted by [o]fficer Avery . . . based on complaints filed with the Rockwall Municipal Court;" (3) "[d]irecting the disgorgement of all funds collected from citizens based on prosecutions of the Texas Transportation Code prosecuted based on allegations filed by [o]fficer Avery . . . or any uncertified officers;" (4) "[o]rder[ing] the Texas Commission on Law Enforcement to revoke" officer Avery's license; (5) to "[c]onvene an examining trial to examine into the sufficiency of the criminal allegation and cases made herein by [o]fficer Avery . . . since employment and the Judge who made the legal determination;" and (6) to "[c]onvene an examining

13

court . . . to examine into the practice of Rockwall Municipal Court of prosecuting alleged violations of the Texas Transportation Code initiated by peace officers who are not authorized to enforce said statutory scheme." (doc. 24 at 1, 10-11.)

Plaintiff does not seek an order directing officer Avery or any other Defendant to take any action, however; nor does he appear to seek any relief directly from officer Avery or any other Defendant. (*See* doc. 24.) Accordingly, he has also failed to state a claim for declaratory relief. *See Richardson v. Bates*, No. 3:17-CV-2747-D (BT), 2018 WL 4271058, at *2 (N.D. Tex. Aug. 9, 2018) (dismissing identical claims for declaratory relief under Rule 12(b)(6) where the complaint appeared to seek no relief from the named defendant).

### VII.  RECOMMENDATION

Plaintiff's civil rights claims against Officers under 42 U.S.C. §§ 1983, 1985, and 1986; the APA; the False Claims Act; and *Bivens*, 403 U.S. 388 should be **DISMISSED** with prejudice as legally frivolous until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994), and any remaining claims should be **DISMISSED** with prejudice for failure to state a claim on which relief may be granted.

**SO RECOMMENDED on this 1st day of October, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE